**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 17 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BANK OF AMERICA, N.A.,

      Plaintiff-counter-
      defendant-Appellee,

 v.

LAKEVIEW OWNERS' ASSOCIATION;
et al.,

      Defendants,

 and

TRP FUND V, LLC,

      Defendant-counter-claim-
      3rd-party-plaintiff-
      Appellant,

 v.

ELIZABETH A. PETERSON,

      Third-party-defendant.

No. 20-16626

D.C. No.
2:16-cv-00635-APG-BNW

MEMORANDUM[*]

Appeal from the United States District Court

---

   [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted November 15, 2021[**]
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

TRP Fund V, LLC ("TRP") appeals the district court's grant of summary judgment to Bank of America, N.A. ("BANA") in a quiet title action. Countrywide Home Loans ("Countrywide"), and by extension its parent company, BANA, was the successor in interest to a Deed of Trust on the residential property at issue. When the homeowners' association ("HOA") foreclosed on the property, it mailed copies of the Notice of Default and Notice of Sale to the homeowner and BANA's predecessor in interest but did not notify either Countrywide or BANA. The district court ruled that the foreclosure sale "did not extinguish [BANA's] deed of trust," even though BANA had made no attempt to tender the superpriority portion of the HOA's lien, based on Nevada's excuse of tender doctrine.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo. *Fed. Home Loan Mortg. Corp. v.*

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*SFR Invs. Pool 1, LLC*, 893 F.3d 1136, 1144 (9th Cir. 2018). We affirm the district court's grant of summary judgment to BANA.

The Nevada Supreme Court explained the excuse of tender doctrine under Nevada law in *7510 Perla Del Mar Ave Trust v. Bank of America, N.A. ("Perla")*, 458 P.3d 348 (Nev. 2020) (en banc). Generally, an HOA has a "superpriority lien that, when properly foreclosed upon, extinguishes a first deed of trust." *Id.* at 348 (citing *SFR Invs. Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408, 409 (Nev. 2014)). The deed of trust beneficiary can preserve its interest after foreclosure by tendering the superpriority portion of this lien before the foreclosure sale. *Id.* (citing *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 116 (Nev. 2018)). The *Perla* doctrine, however, entirely excuses the beneficiary from making a tender attempt where "evidence shows that the party entitled to payment had a known policy of rejecting such payments." *Perla*, 458 P.3d at 349.

This doctrine applies here. In sworn testimony, representatives of Alessi & Koenig, LLC ("Alessi"), the HOA's agent, stated that, during the relevant time period, Alessi categorically refused BANA's tender attempts because they contained language to the effect that acceptance of tender would cure any HOA deficiency in full. Employees of BANA and its legal representative in HOA foreclosure sales, Miles, Bauer, Bengstrom & Winters, LLP ("Miles Bauer"),

3

testified that BANA knew of this policy. Contrary to TRP's arguments otherwise, *Perla* does not further require either proof of reliance on the HOA's policy or evidence of a failed tender attempt in the case at issue. A known policy suffices. *See Perla*, 458 P.3d at 351 (applying excuse of tender doctrine even though junior lien holder's attempt to tender "was insufficient to constitute a valid tender").

The district court properly relied on trial testimony in unrelated cases to reach its holding. In the Ninth Circuit, "unauthenticated documents cannot be considered on a motion for summary judgment," *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989), so the district court could not rely on unauthenticated letters from Alessi to Miles Bauer, *see Block v. City of Los Angeles*, 253 F.3d 410, 419 (9th Cir. 2001) (laying out requirements for authenticating documents at summary judgment). However, BANA properly authenticated the trial testimony it presented. *See Orr v. Bank of America, NT & SA*, 285 F.3d 764, 776 (9th Cir. 2002) (citing Fed. R. Civ. P. 80).

The district court correctly held that the excuse of tender doctrine applies and that BANA's properly presented undisputed evidence showed that Alessi had a known policy of rejecting BANA's tender attempts. BANA's interest in the property is therefore preserved.

**AFFIRMED.**

4